# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:17-cr-00250-MOC

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| | ) | |
| STEVEN D. WALDEN, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's pro se Motion for Compassionate Release/Reduction of Sentence. (Doc. No. 58). The Government has responded in opposition to the motion. (Doc. No. 62).

## I. BACKGROUND

Over a period of at least three months, Defendant used a peer-to-peer program to search for and download child pornography. Defendant knowingly used a peer-to-peer program to receive a child pornography video on his computer via the internet. The video depicted two females-one approximately 5 to 7 years old and another approximately 11 to 13 years old- engaging in various acts of sexually explicit conduct, including sexual intercourse with an adult male. Furthermore, a search of Defendant's laptop revealed dozens of pornographic images and videos of children 12 years old or less. The investigation revealed more than 600 images. (Doc. No. 47).

On February 28, 2019, Defendant was convicted of Receipt of Child Pornography in violation of 18 U.S.C. § 2252(a)(2). This Court sentenced him on August 26, 2019 to 66 months of imprisonment, to begin on September 26, 2019. Defendant has served approximately 13 months of that sentence. He now moves under 18 U.S.C. § 3582(c)(1)(A) for a sentence reduction resulting in his immediate release from the custody of the Bureau of Prisons (BOP), relying on the threat posed by the COVID-19 pandemic, or, in the alternative, release to home

1

confinement for the remainder of his sentence.

### II. DISCUSSION

#### A. Sentence Reduction

Under 18 U.S.C. § 3582(c)(1)(A), this Court may, in certain circumstances, grant a defendant's motion to reduce his or her term of imprisonment. A court may reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the Court finds, as relevant here, that (i) "extraordinary and compelling reasons warrant such a reduction" and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i). As the movant, the defendant bears the burden to establish that he or she is eligible for a sentence reduction. United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016); United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014).

The Sentencing Commission has issued a policy statement addressing reduction of sentences under § 3582(c)(1)(A). As relevant here, the policy statement provides that a court may reduce the term of imprisonment after considering the § 3553(a) factors if the Court finds that (i) "extraordinary and compelling reasons warrant the reduction;" (ii) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (iii) "the reduction is consistent with this policy statement." USSG § 1B1.13.[1]

The policy statement includes an application note that specifies the types of medical conditions that qualify as "extraordinary and compelling reasons." First, that standard is met if the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer,

---

[1] The policy statement refers only to motions filed by the BOP Director. That is because the policy statement was last amended on November 1, 2018, and until the enactment of the First Step Act on December 21.

amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia." USSG § 1B1.13, cmt. n.1(A)(i). Second, the standard is met if the defendant is:

> (I) suffering from a serious physical or medical condition,
>
> (II) suffering from a serious functional or cognitive impairment, or
>
> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

USSG § 1B1.13, cmt. n.1(A)(ii). The application note also sets out other conditions and characteristics that qualify as "extraordinary and compelling reasons" related to the defendant's age and family circumstances. USSG § 1B1.13, cmt. n.1(B)-(C). Finally, the note recognizes the possibility that BOP could identify other grounds that amount to "extraordinary and compelling reasons." USSG § 1B1.13, cmt. n.1(D).

Here, Defendant's request for a sentence reduction is denied because he has failed to demonstrate that he is not a danger to the safety of the community or otherwise merits release under the § 3553(a) factors. Under the applicable policy statement, this Court must deny a sentence reduction unless it determines the defendant "is not a danger to the safety of any other person or to the community." USSG § 1B1.13(2). Additionally, this Court must consider the § 3553(a) factors, as "applicable," as part of its analysis. See § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020).

Defendant would pose a danger to public safety if released. Defendant's offense conduct was particularly egregious and dangerous, and easily committed from the confines of his home, where he now seeks to return. The Courts have repeatedly denied compassionate release motions in child exploitation offenses based on the dangers posed to the community if released. See United States v. Miezin, 456 F. Supp. 3d 911 (N.D. Ohio 2020) (54-year-old has hypertension and is

3

borderline diabetic; but he committed child exploitation offenses and would present a danger to the community, particularly because these crimes may be committed at home, he would require close monitoring, and that would expose others to the risk of COVID-19).

In addition, the § 3553(a) factors strongly disfavor a sentence reduction. The nature and circumstances of the offense is egregious and discourages release. Among other things, the 66 month sentence imposed reflects the seriousness of the offense, promotes respect for the law, and provides just punishment for the offense while also protecting the public from Defendant. Furthermore, Defendant, who received a benefit of a downward departure, has not even served one-quarter of his full sentence and has failed to demonstrate that serving 13 months of a 66 month sentence has been sufficient to achieve these goals.

Finally, the Court notes that the Bureau of Prisons continues to undertake extensive and professional efforts to curtail the virus's spread. At present, Defendant's medical conditions are appropriately managed at the facility, which is also engaged in strenuous efforts to protect inmates against the spread of COVID-19.

### B. Home Confinement

Defendant has also asked in the alternative that this Court order BOP to place him in home confinement. Once a sentence is imposed, BOP is solely responsible for determining an inmate's place of incarceration. See 18 U.S.C. § 3621(b); Moore v. United States Att'y Gen., 473 F.2d 1375, 1376 (5th Cir. 1973) (per curiam). A court has no authority to designate a prisoner's place of incarceration. United States v. Voda, 994 F.2d 149, 151-52 (5th Cir. 1993). Because Defendant's request for home confinement alters only the place of incarceration, not the actual term of incarceration, only BOP may grant or deny his request.

Moreover, there is no constitutional or statutory authority that allows the Court to order home confinement. A prisoner has no constitutional right to confinement in any particular place,

4

Case 3:17-cr-00250-MOC-DSC   Document 63   Filed 11/02/20   Page 4 of 5

including in home confinement. See Sandin v. Conner, 515 U.S. 472, 478 (1995) ("the Due Process Clause did not itself create a liberty interest in prisoners to be free from intrastate prison transfers."). Following the imposition of a sentence, the Court has limited jurisdiction to correct or modify that sentence absent specific circumstances enumerated by Congress in 18 U.S.C. § 3582. United States v. Garcia, 606 F.3d 209, 212 n.5 (5th Cir. 2010) (per curiam). Section 3582(c) contemplates only a reduction in sentence. See § 3582(c). But Defendant's request to serve the rest of his term in home confinement, as opposed to prison, works no reduction to his sentence. Home confinement merely permits the inmate to serve out his term of imprisonment at home. Defendant's request for such relief therefore falls outside § 3582(c)'s limited grant of authority to this Court to modify a sentence post-conviction. Because § 3582(c) deprives the Court of jurisdiction to grant home confinement and because Defendant offers no other statutory authority to support his request for such relief, this Court has no authority to act on his request for such relief in this forum.[2]

## ORDER

In light of Defendant's record and the totality of relevant circumstances, this Court denies the motion for a sentence reduction. **IT IS, THEREFORE, ORDERED** that Defendant's Motion for Compassionate Release/Reduction of Sentence, (Doc. No. 58), is **DENIED.**

Signed: November 2, 2020

Max O. Cogburn Jr
United States District Judge

---

[2] If a court grants a sentence reduction, it may "impose a term of . . . supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." § 3582(c)(1)(A). In imposing a term of supervised release, the court may impose a period of home confinement as a condition of supervised release, provided that the court finds that home confinement is a "substitute for imprisonment." USSG § 5F1.2; see 18 U.S.C. § 3583(d). Alternatively, a court may consider modifying an existing term of supervised release to add a period of home confinement, consistent with USSG § 5F1.2. See § 3583(e)(2).